United States District Court
Southern District of Texas
**ENTERED**
July 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN R. HOFFMAN,<br>TDCJ #01465544,<br>    Plaintiff,<br>VS.<br><br>SHREYES ASHWIN, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:16-CV-219<br>§<br>§<br>§<br>§ |

## **ORDER**

The plaintiff, John Hoffman (TDCJ #01465544), has filed a complaint under 42 U.S.C. § 1983 claiming that the defendants provided him with Constitutionally deficient medical treatment (Dkt. 1). Hoffman requests leave to proceed *in forma pauperis* (Dkt. 2).

This case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), which requires prisoners to pay an initial partial filing fee. The PLRA also requires prisoners to pay thereafter the balance of the $350.00 filing fee for indigent litigants.

Based on the certified inmate trust account statement attached to plaintiff's motion, the Court **ORDERS** as follows:

1.    The application for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

1

2.      Hoffman is assessed an initial partial filing fee of $.68.  The agency having custody of Hoffman shall collect this amount from Hoffman's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the Clerk.

3.      Thereafter, Hoffman shall pay $349.32, the balance of the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b).  The agency shall collect this amount from Hoffman's trust account, when funds are available, and forward it to the Clerk.

4.      Hoffman is responsible for signing all consents and other documents required by the agency having custody of Hoffman to authorize the necessary withdrawal from Hoffman's inmate trust account.

5.      Failure to pay the initial partial filing fee or to show that Hoffman has insufficient assets or means by which to pay the initial partial filing fee **within 30 days** may result in a dismissal of Hoffman's complaint without further notice.

6.      No amendments or supplements to the complaint will be filed without prior Court approval.  A complete amended complaint will be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court approved amendments or supplements to the original complaint, or (3) in response to an Order for More Definite Statement, shall automatically be **STRICKEN** from the record without further notice and will be of no force or effect in this lawsuit.  Any pleadings or other

2

papers filed in violation of these directives in this paragraph may also subject the plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7.    All discovery in this case is stayed until the Court enters an order to answer.

8.    The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution.

**NOTICE TO THE PLAINTIFF**:

A.    Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not wish to pay the full filing fee you must notify the court in writing, by letter or motion, advising that you do not wish to prosecute this civil action.  Your notice must be received by the Court within 30 days of the date of this order.

B.    Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee.  When a prisoner has had three or more prior actions or appeals dismissed for being frivolous or malicious or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any

3

more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

      C.     State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, or confined in county jail awaiting transfer to TDCJ, that is dismissed as frivolous or malicious. *See* TEX. GOV'T CODE ANN. § 498.0045. This sanction extends to frivolous proceedings arising from an application for writ of habeas corpus if brought for the purpose of abusing judicial resources. *See id.* § 498.0045(a).

      The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

      SIGNED at Galveston, Texas on ___July 26___, 2017.


                              GEORGE C. HANKS, JR.
                            UNITED STATES DISTRICT JUDGE

4