United States District Court
Southern District of Texas
**ENTERED**
January 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN R. HOFFMAN, TDCJ #01465544, Plaintiff, | § § § § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-219 |
| SHREYES ASHWIN, *et al.*, Defendants. | § § § § § | |

## ORDER OF DISMISSAL

The plaintiff, John Hoffman (TDCJ #01465544), has filed a complaint under 42 U.S.C. § 1983 claiming that the defendants provided him with Constitutionally deficient medical treatment (Dkt. 1). Because Hoffman has failed to state a cognizable claim, the Court ordered Hoffman to elaborate on his allegations and show cause why this case should not be dismissed (Dkt. 8). The Court sent the show cause order several times (Dkt. 8; Dkt. 12; Dkt. 13) but has not gotten any response from Hoffman.

Hoffman underwent a medical procedure at the University of Texas Medical Branch at Galveston ("UTMB"). During the procedure, the nature of which is not entirely clear, the defendants "fail[ed] to control or hold a central line through [Hoffman's] groin" (Dkt. 1 at p. 3). Hoffman claims that the defendants should have placed the line in his neck instead of in his groin area and further claims that they lost the line, creating the need for surgical intervention (by a vascular surgeon who is not a defendant) to retrieve it (Dkt. 1 at p. 4).

1

At this point, Hoffman has perhaps described medical malpractice. However, that is not enough for him to recover under Section 1983. A prisoner may succeed on a claim under 42 U.S.C. § 1983 for inadequate medical care only if he or she demonstrates "deliberate indifference to serious medical needs" on the part of prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This is an "extremely high standard to meet"—*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Moreover, a court may dismiss an action *sua sponte* for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031–32 (5th Cir. 1998). "This authority flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Hoffman has not complied with the Court's show cause order, and he has not shown any desire to continue pursuing this case.

Based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's order to show cause.

2. Any pending motions are **DENIED** as moot.

This is a **FINAL JUDGMENT**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____January 18_____, 2018.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

3